11 SCHOTT, Chief Judge.
Plaintiffs are two condominium associations who sought to evict unit owners from their units for failing to pay condominium fees, assessments, and charges. The trial court dismissed the petitions and plaintiffs have appealed. The issue is whether LSA-R.S. 9:1124.115 authorizes the evictions. We affirm.'
The statute in question is a part of the Louisiana Condominium Act, R.S. 9:1121 et seq. and is entitled “Compliance with condominium declaration, bylaws, and administrative rules and regulations”. It provides as follows:
A. The condominium declaration and bylaws shall have the force of law between the individual unit owners. The remedies for breach of any obligation *601 imposed on unit owners or the declar-ant shall be damages, injunctions, or other such remedies as provided by law.
B. The remedies under Subsection A shall be available by ordinary and summary proceedings.
C. For the purposes of this Section, a unit owner shall be considered an occupant of the condominium property and subject to the provisions of Code of Civil Procedure Articles 4701 through 4735 in an action by the association of unit owners.
Code of Civil Procedure Articles 4701 through 4735 provide the procedure for the eviction of tenants and occupants. Art. 4701 specifically provides the procedure for eviction when the lessee has violated the terms of the lease and the owner wishes to obtain possession of the premises. Art. 4702, which is entitled ^‘Notice to occupant other than tenant to vacate”, provides the procedure when the owner of immovable ■property wishes to evict the occupant therefrom.
Plaintiff's argue that R.S. 9:1124.115(0 clearly confers upon them the rights and the power to evict unit owners who breach their obligations in the same way that a property owner may evict an occupant. In other words, plaintiffs insist that for the purpose of dealing with delinquent or recalcitrant unit owners, this statute has elevated condominium associations to the level of owners and has reduced unit owners to the level of mere occupants who can be summarily deprived of the possession of property which they own.
A law shall be applied as written only when it does not lead to absurd consequences. CC Art. 9. This is precisely what would be' the result were we to agree with plaintiffs’ arguments — that by this simple reference to eviction procedure applicable to owners, lessees, tenants and other occupants the legislature intended to create some new, hybrid kind of ownership for condominium unit owners. That new form of ownership would, surely be stripped of the right to direct, immediate, and exclusive authority over a thing and right to use and enjoy a thing as provided for in CC Art. 477. We are not persuaded that the legislature intended this result.
Furthermore, the laws that provide for the taking of one’s property by mortgage foreclosure, expropriation, or execution of a judgment stand in sharp contrast with the laws regulating the eviction of tenants and occupants in that the protection of the laws in the former category weighs heavily in favor of the defendants who are the owners while the laws in the latter category favor the plaintiffs who are the owners. In the present case, plaintiffs are advocating that the legislature intended by the passage of this statute to twist the philosophy of ownership in Louisiana with respect to the owners of condominium units so that they are no longer entitled to the respect and protection afforded to all other 13owners and the condominium associations, which have no ownership rights or attributes with respect to the units are nonetheless given the privileges and protection exclusively granted to owners.
Finally, it seems clear that the procedural articles on the eviction of tenants and occupants are concerned with the possession of premises. They provide the owner with a mechanism for obtaining possession from a tenant who has forfeited his right to possess the property or an occupant who has no right of possession. If the condominium unit owner can be deprived of possession of his/her property pursuant to these articles it must follow that the association can obtain possession, i.e., this inanimate association with no claim of ownership may occupy the property of the owner. We have concluded that these would be absurd consequences were we to interpret the statute as advocated by plaintiffs.
Plaintiffs are not without a remedy. Section 1123.115 provides them with a privilege on the units for unpaid assessments. Section 1123.102(11) provides for interruption of services until violations have ceased. However, we have concluded that dispossession of the owner of his/her unit is not a remedy provided by law.
Accordingly, the judgments appealed from are affirmed.
AFFIRMED.